**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**CARLOTTE MEADOWS,**

        **Plaintiff,**

v.                                                                                                            21-CV-449V(Sr)

**BUFFALO POLICE DEPARTMENT,**
et al.,

        **Defendants.**
_____

## DECISION AND ORDER

The parties have consented, pursuant to 28 U.S.C. § 636(c), to have the undersigned conduct all further proceedings in this case, including entry of judgment. Dkt. #179.

Plaintiff commenced this action, *pro se*, (Dkt. #1), and was granted permission to proceed *in forma pauperis*. Dkt. #3. Generally speaking, this action involves an ongoing and escalating dispute among neighbors in the City of Buffalo, resulting in multiple law enforcement investigations and several state court cases. Dkt. #171, p.5. By Decision and Order entered January 30, 3034, the Hon. Lawrence J. Vilardo dismissed several of plaintiff's claims, some of which plaintiff was afforded leave to amend . Dkt. #127.

Currently before the Court are plaintiff's motions for appointment of counsel. Dkt. #175 & Dkt. #181. In support of her request for counsel, plaintiff states

that she needs counsel to assist with discovery, depositions and trial, but more than a dozen attorneys have declined to accept her case. Dkt. #175.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

(1) Whether the indigent's claims seem likely to be of substance;

(2) Whether the indigent is able to investigate the crucial facts concerning his claim;

(3) Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

(4) Whether the legal issues involved are complex; and

(5) Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); see also Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." Cooper v. A. Sargenti Co. Inc., 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must not allocate pro bono resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit."

*Id.* Moreover, the Court must consider to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

This action is in its early stages, making it difficult to assess the merits of plaintiff's claim or the public benefit which could be achieved by the appointment of counsel. Moreover, plaintiff has demonstrated a capacity to clearly communicate the factual basis of her claims to the Court; provide initial disclosures to defendants; and serve discovery demands upon defendants. Dkt. #73. Accordingly, plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:   Buffalo, New York
         October 11, 2024

 *s/ H. Kenneth Schroeder, Jr.* 
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**